Plaintiff also argues, in the alternative, that she has stated a claim under the NYCHRL based on a theory of appearance-related gender discrimination. To the extent, if any, such a theory of liability may be viable in a case such as this, the allegations of the present complaint fail to state a cause of action under that theory. Concur—Friedman, J.P., Moskowitz, Gische and Kahn, JJ.

(August 23, 2017)

■ In the Matter of NORMA CAMPUSANO, Respondent, v COREY ORTEGA et al., Appellants, et al., Respondent. [57 NYS3d 890]—

Judgment, Supreme Court, New York County (Carol R. Edmead, J.), entered on or about August 11, 2017 unanimously affirmed, without costs or disbursements.

The petition as supplemented by the schedule, filed and served on respondent on the return date of the order to show cause, gave detailed and timely notice of the specific signatures that petitioner was claiming had been erroneously invalidated by the Board of Elections (Election Law § 16-102). Concur—Gische, J.P., Richter, Kapnick, Webber and Kahn, JJ.

■ In the Matter of DANIEL N. CLARK, Respondent, v COREY ORTEGA et al., Appellants, et al., Respondent. [57 NYS3d 890]—

Judgment, Supreme Court, New York County (Carol R. Edmead, J.), entered on or about August 11, 2017 unanimously affirmed, without costs or disbursements.

The petition as supplemented by the schedule, filed and served on respondent on the return date of the order to show cause, gave detailed and timely notice of the specific signatures that petitioner was claiming had been erroneously invalidated by the Board of Elections (Election Law § 16-102). Concur—Gische, J.P., Richter, Kapnick, Webber and Kahn, JJ.

(August 29, 2017)

■ PERELLA WEINBERG PARTNERS LLC et al., Respondents, v MICHAEL A. KRAMER et al., Appellants, et al., Defendant. MICHAEL A. KRAMER et al., Counterclaim Plaintiffs-Appellants, v PERELLA WEINBERG PARTNERS LLC et al., Counterclaim Defendants-Respondents. MICHAEL A. KRAMER et al., Cross Claim